SOUR LAKE COMPANY ET AL. v. AMBROSE JACKSON.

Decided July 1, 1910.

**1.—Deed—Special Warranty.**

A covenant of special warranty of title against all persons claiming the land by, through or under the grantor and no further, is not breached when the land, or a part of it, is lost at the suit of one claiming under a title adverse to that conveyed by the grantor.

**2.—Same.**

A covenant of special warranty of title against all persons claiming under the grantor is not breached by the mere fact that the grantor had previously conveyed the same land to another party for the sole purpose of enabling said party to settle certain adverse claims to the land, and said party did not assert any adverse claim to or beneficial interest in the land, and the grantee in the special warranty deed had lost no part of his land by reason of the prior deed.

**3.—Grantor and Grantee—Compromise—Estoppel.**

When a grantee in a special warranty deed actively assists in effecting a compromise of a suit against his grantor for the land conveyed to him, and urges his grantor to agree to a judgment by which a part of the land is lost, he will be estopped from claiming that the act of the grantor in allowing such judgment to be entered was a breach of his warranty.

**4.—Estoppel.**

Where a person has acted or refrained from acting in a particular manner upon the request or advice of another, the latter is estopped to take any position inconsistent with his own request or advice to the prejudice of the person so induced to act.

Appeal from the District Court of Hardin County.   Tried below before Hon. L. B. Hightower.

*H. N. & Norman Atkinson,* for appellants.

*Greer & Minor* and *Watts & Wheat,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by the appellant, Sour Lake Company, against appellee to recover damages for the alleged breach of a warranty of title to 20 acres of land, a part of a tract of 64 acres conveyed to plaintiff by defendant on March 27, 1903. The original petition was filed May 16, 1907.   The amended petition, upon which the cause was tried, was filed April 1, 1909.

The following statement of the material allegations of the pleadings is copied from appellant's brief.   After giving names and residence of the parties, the petition alleges:

"That on March 27, 1903, Ambrose Jackson, defendant, conveyed to Sour Lake Townsite Company 64 acres of land in the Mary Jones survey of 320 acres in Hardin County, Texas, and that by said deed he did covenant and agree with said company that he was seized of an indefeasible estate in fee simple in said land, and that said deed contained the following warranty:  'And I do bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Sour Lake Townsite Company, their successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, by, through or under me, and no further.'  And that the said company afterwards entered upon said land and became seized thereof.

"Said petition alleges a breach of said convenant in this:   That on February 25, 1901, the said defendant joined with four other persons

*in* a deed whereby they conveyed said Mary Jones 320 acres of land to one Ambrose Merchant, which deed was duly placed of record, and that by said deed the said Ambrose Merchant had acquired the older and superior title to said land.

"Plaintiff alleged that it lost 20 acres of the land purchased from defendant, being compelled to surrender same to the said Ambrose Merchant on the —— day of September, 1903; that the consideration paid defendant for said land was at the rate of $100 per acre, or $2000; that by reason of the prior conveyance by defendant the title to said land had failed, and judgment was prayed for $2000 and interest from September, 1903, costs, etc."

On April 1, 1909, C. W. Nugent, M. S. Duffie, A. L. Davis and George A. Hill intervened in said cause and set up that since the institution of the suit they had become by purchase and proper assignments and transfers the owners of the cause of action set up by plaintiff. They asked that they be allowed to make themselves parties to the suit, and to prosecute same in name of original plaintiff, and they adopted all pleadings of plaintiff.

The defendant, in addition to a general demurrer and special exception and general denial, pleaded limitation of four years. He further specially pleaded, in substance, that the deed executed by him to Ambrose Merchant was made for the sole purpose of enabling said Merchant to partition said Mary Jones survey between the several owners thereof, and said Merchant held the title only as trustee for such purpose; that the fact that the title was in Merchant for this purpose only was well known to plaintiff at the time it purchased the land from defendant and accepted the deed with the special warranty set out in plaintiff's petition; that plaintiff also knew at said time that C. C. Burnett and others were asserting a claim to the land adverse to defendant's title and were then contemplating filing suit against defendant for the recovery of said land, and for this reason defendant refused to give any warranty of title to the land other than the special warranty set out in the petition; that the 20 acres of land lost by plaintiff was recovered in a suit by parties not claiming under, but adversely to, defendant and that the agreed judgment rendered in said suit in September, 1903, was rendered with the consent and upon the request of plaintiff.

The trial in the court below without a jury resulted in judgment in favor of defendant, that plaintiff and interveners take nothing by their suit, and defendant recover against them all costs incurred by reason of said suit.

The evidence shows that on March 27, 1903, the defendant Ambrose Jackson conveyed to plaintiff Sour Lake Company a tract of 64 acres of land on the Mary Jones 320-acre survey in Hardin County. This deed recites a cash consideration of $6400 and contains the following covenant of warranty:

"I do bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Sour

Lake Townsite Company, their successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, by, through, or under me, and no further."

Prior to the execution of this deed the defendant, joined by Minerva Merchant, Sarah Guedry, Milton Jackson and Stephen Jackson, conveyed the entire Mary Jones survey of 320 acres to Ambrose Merchant. At the time this deed was executed, Mary Brown and others, claiming an interest in said land adversely to the grantors in said deed, had instituted a suit therefor which was then pending in the District Court of Hardin County, and another adverse claim was being asserted by C. C. Burnett and others. The purpose of the conveyance to Ambrose Merchant was to enable him to make a settlement of these adverse claims and he has never asserted any claim of title under said deed. When plaintiff purchased the land from defendant it had full knowledge of these facts, and when defendant declined to make a deed with general warranty of title because of these adverse claims, J. M. Carpenter, the president of plaintiff company, who purchased the land from defendant for his company, told defendant that he knew all about the adverse claims and that he would take the title as it was. On June 1, 1903, Burnett and others filed suit upon their claim, and thereafter, in September, 1903, the two suits before mentioned were compromised, and by an agreed judgment rendered therein 20 acres of the 64 acres sold by the defendant to plaintiff was adjudged to Burnett. The plaintiff was not a party to this suit, but the compromise and agreed judgment was made and entered not only with the consent and approval of Carpenter, the president of the plaintiff company, but upon his urgent solicitation.

These facts do not show a breach by defendant of his covenant of warranty, but on the contrary conclusively show that the title under which plaintiff was ousted was not acquired through or under the defendant, but was adverse to the title claimed by him.

The deed to Ambrose Merchant was not the origin of the title under which Burnett claimed and recovered the 20 acres, and had no relation or connection therewith. The reasonable inference from these facts is that Burnett held a title to the land superior to the title under which defendant claimed, but this is not material. The compromise with Burnett was made at the request of plaintiff, and if it be true that Burnett had no title except such as he acquired from defendant by the agreed judgment, plaintiff having actively assisted in effecting the compromise and having urged defendant to agree to same, would be estopped from claiming that the act of defendant in allowing said agreed judgment to be entered was a breach of his warranty. The rule of estoppel applicable to these facts is thus tersely stated in 16 Cyc., page 786:

"So where a person has acted or refrained from acting in a particular manner upon the request or advice of another, the latter is estopped to take any position inconsistent with his own request or advice to the prejudice of the person so induced to act."

The propositions advanced by appellants under their several assign-

ments of error may be conceded to be abstractly sound, but they have no application to the case made by the facts before stated.

None of the assignments present any error in the proceedings which would require or authorize a reversal of the judgment and without discussing any of them in detail all are overruled, and the judgment of the court below is affirmed.

*Affirmed.*