## GARRETT v. HOUSTON LAND & TRUST CO. et al.

### No. 9480.

Court of Civil Appeals of Texas. Galveston.

Nov. 20, 1930.

Rehearing Denied Dec. 24, 1930.

K. C. Barkley and W. Owen Dailey, both of Houston, for plaintiff in error.

B. F. Louis and Murray G. Smyth, both of Houston, for defendants in error.

J. W. Lockett, of Houston, for Anita B. Stewart.

PLEASANTS, C. J.

This suit was brought by Charles J. Wright against Mrs. Anita B. Stewart, individually, and as independent executrix of the estate of John S. Stewart, deceased, and B. N. Garrett, the plaintiff in error herein, upon a promissory note executed by John S. Stewart to Charles J. Wright on February 1, 1921, and secured by deed of trust upon land lying in the Victor Blanco survey in Harris county, Tex.

The plaintiff, Charles J. Wright, died after the suit was brought, and the Houston Land & Trust Company of Houston, Tex., a private corporation, was made and substituted as plaintiff, it having been named as the executor of the deceased plaintiff.

Plaintiff's pleadings allege the execution of the note and deed of trust upon the land described in the petition by John S. Stewart, the death of Stewart on October 9, 1922, and the appointment and qualification of his surviving wife, Mrs. Anita B. Stewart, as independent executrix, the sale of the land by Mrs. Stewart individually and as such independent executrix to appellant, B. N. Garrett, and the assumption by Garrett of the payment of the note sued on, as part of the consideration for the conveyance to him.

The pleadings of the appellant in the court below are thus stated in his brief:

"In the amended answer of B. N. Garrett, upon which the cause went to trial, he plead a general demurrer and general denial and in addition thereto the following:

"Without waiving the foregoing demurrer and general denial, for special answer herein, if such be necessary, but not otherwise, the said defendant, B. N. Garrett, would respectfully show this Honorable Court that there has heretofore been filed a suit styled 'R. H. Barrow vs. J. S. Boyles, et al,' being numbered 121,698 on the docket of the 80th District Court of Harris County, Texas. That said suit is now on appeal in the Court of Appeals at Galveston, and that a decision thereon is expected in a short time. That in said suit the said R. H. Barrow seeks to mandamus the County Surveyor of Harris County to survey all of what is known as the Victor Blanco Grant, upon the theory that the Victor Blanco Grant is void. And if this be upheld the said Charles J. Wright, deceased, never had a valid claim or title to the land conveyed to the said John S. Stewart. Defendant does not believe that said R. H. Barrow's contention is true, nor will such contention be upheld. Should such contention be upheld, there would be no consideration for the said note herein sued on; that is, there would be no legal liability on this note, because the title of Charles J. Wright, plaintiff herein, would have wholly failed. Defendant is informed and believes, and so alleges the fact to be, that the estate of Charles J. Wright, plaintiff herein, and the estate of John S. Stewart, deceased, co-defendant herein, are both insolvent. That by reason of said insolvency defendant would have no recourse should he pay the note herein sued on before the final disposition of the suit involving the title to the land for which the note was given as part of the purchase price.

"Defendant further avers that in justice to all parties concerned herein, that this action should be postponed, or stayed until the suit involving the title to the Victor Blanco Grant has been disposed of by the Court of Appeals.

"Wherefore, defendant prays that this suit be postponed, or stayed, and that he be not required to pay said note, and for such other and further relief to which he may be entitled in law and equity."

Mrs. Stewart answered in her dual capacity, with a general demurrer and general denial, and by cross-action against appellant, in which she pleaded the assumption of the note by appellant as a part of the consideration of the sale of the land to him, and prayed that she have judgment over against him for any amount plaintiff might recover against her.

When the case was called for trial, the appellant moved the court to continue or postpone the trial until after the final disposition of the suit referred to in appellant's answer involving the title to the land involved in this suit. In support of this motion, appellant offered evidence sustaining allegations of the answer as to the character and purpose of the suit mentioned therein, and showing that the suit was still pending in the Court of Civil Appeals.

The trial court sustained appellee's objection to the offered evidence on the ground that it was irrelevant and immaterial, and refused appellant's motion for a continuance. After all the evidence offered by the plaintiff had been heard, the appellant renewed his motion for a continuance, and it was again refused by the court.

Upon a trial before the court, judgment was rendered that no money judgment be had against Mrs. Anita B. Stewart, individually, and that the Houston Land & Trust Company, as executor, recover of and from B. N. Garrett and from Mrs. Anita B. Stewart, as independent executrix of the estate of John S. Stewart, deceased, the sum of $5,764.77, together with 10 per cent. interest per annum thereon from July 31, 1929, until paid; and, further, that execution should issue first against Garrett and then against Mrs. Stewart as independent executrix, who should have judgment over against B. N. Garrett for any amount she might be required to pay.

The evidence shows the execution of the notes and deed of trust, the deaths of John S. Stewart and Charles J. Wright, and the appointment and qualification of Mrs. Stewart and the appellee, Houston Land & Trust Company, respectively, as executrix and executor of the respective wills of the decedents, as alleged in the pleadings. The evidence also shows the following uncontroverted facts, which we copy from appellee's brief:

"On January 4, 1927, Mrs. Anita B. Stewart, acting individually and as the independent executrix of the will of the said John S. Stewart, then deceased, in consideration of Four Hundred Fifty Dollars ($450.00) in hand paid by B. N. Garrett, the receipt of which was acknowledged, sold and conveyed the land, or part thereof, securing said note, to the appellee, B. N. Garrett. The following paragraph appears in this deed:

"'The hereinbefore described lands are subject to a deed of trust executed by John S. Stewart to B. F. Louis, trustee, for the use of C. J. Wright, recorded in Vol. 184, page 529, of Harris County Mortgage Records, to secure one note for $2500.00, dated September 1, 1921, payable three years after its date, with interest at the rate of ten per cent per annum, and the said B. N. Garrett accepts said property subject to the lien of said deed of trust, and as part of the consideration for this conveyance assumes the payment of said note to C. J. Wright, or order, and covenants to protect me from any liability or expense

thereon, and I do not warrant against the lien of said deed of trust, nor against any other recorded lien on said property, if any, and I do not warrant against taxes on said property, and said B. N. Garrett assumes all ' taxes owing thereon.'

"This conveyance by Mrs. Stewart to Garrett was a special warranty deed, in which her warranty was expressed as follows:

" 'And subject to and except such taxes and other liens and encumbrances and royalty reservations I do hereby warrant and bind myself to forever defend the title to said land unto the said B. N. Garrett, his heirs and assigns, against all persons whomsoever lawfully claiming or to claim the same or any part thereof by, through or under me.'

"Prior to this conveyance from Mrs. Stewart to the appellant, to-wit, on December 7, 1925, R. H. Barrow filed his original petition against J. S. Boyles, County Surveyor of Harris County, Texas, attacking the title to said land and seeking to have the land declared vacant. Thereafter, on July 19, 1926, J. S. Boyles, the respondent in said suit, filed his answer, wherein, among others, he complained of and brought into the suit both Mrs. Stewart and B. N. Garrett, the appellant herein. The object of Barrow's suit was to have the Victor Blanco Survey declared vacant and unsurveyed public domain belonging to the school lands, or funds, of the State of Texas, and to compel Boyles, the County Surveyor, to survey, classify, and appraise said land, and to enjoin the other defendants from interfering therewith."

The judgment of the trial court in the case of Barrow v. Boyles was in favor of the defendant, and on appeal to this court that judgment was affirmed. 21 S.W.(2d) 716. A writ of error was granted by our Supreme Court, and the case is now pending in that court.

The only ground upon which appellant seeks a reversal of the judgment in this case is the claimed error in the refusal of the trial court to grant his motion for a continuance.

There was no error in this ruling of the trial court. By his assumption of the note expressed in the deed by which the land was conveyed to him, appellant became directly and primarily liable to Wright for the payment of the note.

Upon the facts disclosed by this record, we are not called upon to decide what effect a failure of consideration for his promise to pay the note would have upon appellant's liability to the executor of the payee, because the undisputed facts show there was no such failure.

Appellant was a party defendant in the Barrow-Boyles suit when he purchased the land and took the deed from Mrs. Stewart. By the express terms of this deed, Mrs. Stewart only made her warranty of the title placed in appellant by the deed effective against those claiming by, through, or under her. This warranty would not be breached if Barrow should finally prevail in the suit, since the claim of title or right in the land asserted by him does not arise by, through, or under Mrs. Stewart, but, if valid, is prior and superior to any title ever held by Mrs. Stewart. Sour Lake Co. v. Jackson, 62 Tex. Civ. App. 140, 130 S. W. 662, 663.

How can it be said upon these facts that there will be a failure of consideration for appellant's assumption of the note if Barrow should prevail in his suit? The conclusion is inevitable from the uncontroverted evidence that appellant, with full knowledge of the Barrow claim and suit, purchased the land and took the deed with the restricted warranty by which Mrs. Stewart expressly declined to warrant the title against the Barrow claim. Such being the contract between them, no failure of consideration for appellant's obligation can be based on the result of the Barrow suit.

The judgment of the trial court is affirmed.

Affirmed.