## BLOOM v. KEITHLY et al.

### No. 10302.

Court of Civil Appeals of Texas.
Galveston.

Feb. 16, 1937.

Rehearing Denied March 18, 1937.

Lawrence Lipper, of Houston, for appellant.

Conrad J. Landram, of Houston (Albert R. Young and T. B. Blanchard, both of Houston, of counsel), for appellees.

PLEASANTS, Chief Justice.

The following sufficient statement of the nature and result of this suit is copied from appellant's brief:

"This suit was entered in the 61st District Court of Harris County, Texas, by Abbott Cockrell, as plaintiff, against Wm. A. Bloom, as defendant, on or about the 12th day of May, 1933. It is alleged that the defendant was obligated to plaintiff for debt arising from an alleged deficiency, resulting from a foreclosure sale by a trustee of certain real property, under a deed of trust securing certain vendor's lien notes held by plaintiff, and alleged to have been assumed by defendant. The notes were dated September 25, 1926. The assumption was alleged to have occurred on or about the 20th day of October, 1926, by reason of the incorporation in the conveyance of said property to Wm. A. Bloom by Samuel H. Silberman and wife, Fannie Silberman, original mortgagors, of the following clause:

"'* * * and the said Wm. A. Bloom, by the acceptance hereof, does assume the obligations incurred in the purchase of said premises by the grantors herein, which obligations are fully set forth by deed recorded in Volume 671, page 565, of the Deed Records of Harris County, Texas, and agrees to pay the same, so as to save grantors harmless of any liability in connection therewith.'

"The foreclosure under the deed of trust by the substitute trustee occurred on the 6th day of December, 1932.

"On October 19, 1934, plaintiff filed the first amended original petition, reciting that Abbott Cockrell, in the meantime, had died, and that Mrs. Clinton C. Keithly was the Administratrix of his estate, and that

said Administratrix had succeeded to the former plaintiff's rights in said cause of action. The substitution was granted by the trial judge.

"Plaintiff insisted upon trial on or about the 23rd day of October, 1934, and attempted to file her first amended original petition and also her supplemental petition, in answer to defendant's third amended answer. Upon motion by defendant, paragraphs IV of said first amended petition and also of said supplemental petition and answer, together with exhibits annexed thereto, were stricken by orders of the Court, because the same were filed less than three days prior to the trial, and injected new matters not previously pleaded, and therefore violated the District Court Rules for Harris County, Texas.

"Appellant filed three answers to plaintiff's cause of action, the last of which set forth a general demurrer and a general denial, special exceptions, including one setting forth that the clause (hereinafter referred to) was an indemnity to defendant's grantors and not an assumption inuring to plaintiff, inadequacy of the foreclosure sale price, and pleas of limitation.

"The case was tried before a jury and submitted to the jury on only one special issue, and that was as to the determination of the fair cash market value of the property on the date of the foreclosure, and the jury found the same to be $52,500.00.

"On the 23rd day of October, 1934, the Court rendered judgment for plaintiff for the sum of the alleged deficiency, amounting to $53,333.32, plus ten percent interest per annum from said date on $48,484.85 thereof, and six per cent interest per annum on $4,848.47 thereof."

The grounds upon which appellant seeks a reversal of the judgment, as shown by the numerous propositions presented in the brief, are in substance:

First. That the trial court erred in construing the clause in the deed by which appellant obtained title to the land as an agreement on appellant's part to pay to the holder the unpaid purchase-money notes, executed by appellant's grantors Silberman, as consideration for the conveyance of the land to him, but that the clause which has been before set out was clearly not a contract to pay said notes, which inured to the benefit of the holder of the notes, but merely a contract on the part of appellant to save harmless and indemnify Silberman for any loss by reason of appellant's failure to pay these notes; and, further, that if the clause is not clearly only one of indemnity to Silberman, it is certainly ambiguous and the question of its meaning should have been submitted to the jury.

Second. That defendant having pleaded that the clause was not one of assumpsit by defendant but merely one of indemnification of his grantors, and the clause being certainly ambiguous, plaintiff was required to both plead and prove his construction of the clause and have such issue submitted to the jury; and having failed to present such pleadings and proof, and have the issue submitted to the jury, the judgment must be reversed.

The clause in the conveyance of the land from the Silbermans to appellant Bloom, which we have before set out, is in the following language: "* * * and the said Wm. A. Bloom, by the acceptance hereof, does assume the obligations incurred in the purchase of said premises by the grantors herein, which obligations are fully set forth by deed recorded in volume 671, page 565, of the Deed Records of Harris County, Texas, and agrees to pay the same, so as to save grantors harmless of any liability in connection therewith."

■ We agree with the trial judge that this clause is clearly an assumption by appellant of the obligations set forth in the deed refered to, and an unequivocal agreement by appellant to pay such obligations. The addition of the words, "so as to save grantors harmless of any liability in connection therewith," does not render the clause ambiguous. If the assumption and agreement to pay these obligations had been performed by appellant, the effect of such performance would have been to save the grantors harmless from any liability in connection therewith. This was the only character of indemnity mentioned or present in the minds of the parties to the contract. It seems obvious to us that the statement in this clause could only be construed to mean that the payment of the obligations by appellant would have the effect of saving harmless his grantors of any liability in connection with said obligations, and cannot defeat or change appellant's unequivocal agreement to assume and pay the obligations. The deed referred to in the clause, as shown by the Harris County Deed Records, describes the notes upon which plaintiff sues and contains express covenants in which Silberman, the

maker of the notes, agrees to promptly pay all taxes and assessments lawfully levied against the land conveyed by the deed subsequent to the year 1926, and further agrees to keep the improvements on the property fully insured for protection of the holder of the notes.

The testimony is undisputed that Wm. A. Bloom, appellant, accepted the deed and from time to time made payments of principal and interest both in person and through his attorney, Lawrence Lipper, to Abbott Cockrell, the holder of the notes, and that Wm. A. Bloom did in fact make payments on the notes sued upon not only prior to the trustee's sale, out of which a deficiency arose, but subsequent to such sale.

■ We think the undisputed facts of the case show that the covenant in the deed declared on by appellee is one of assumption, and under the rule of decision in this state, the appellant became primarily liable to the holder of the notes which he so assumed to pay. Garrett v. Houston Land & Trust Co. (Tex.Civ.App.) 33 S.W.(2d) 775; Smith v. Nesbitt, 111 Tex. 186, 230 S.W. 976; Hill v. Hoeldtke, 104 Tex. 594, 142 S.W. 871, 40 L.R.A.(N.S.) 672.

■ The only remaining proposition presented by appellant which we deem necessary to discuss is the second proposition under assignment No. 9, in which appellant contends "that because the conveyance containing the alleged assumption clause was dated October 20, 1926, and this suit was not filed until May 12, 1933 (more than six and one-half years after the date of the alleged assumption), the defendant is entitled to have the cause reversed." In support of this proposition, appellant very earnestly insists that the suit was barred by the statute of limitation of four years, and cites several cases in which our courts have held that in cases in which recovery is sought on the assumption of a debt similar to the assumption pleaded by appellees, limitation commences to run from and after the date of the assumption.

An examination of these cited cases discloses that in some of them the obligation assumed by the grantee in the deed was due at the time the assumption was made and no suit was brought by the holder of the obligation until it became barred by the statute of limitation. In the other cited case, the obligation was barred at the time its payment was assumed, and such an assumption was held to be a new promise to pay the obligation, supported by a sufficient consideration, and it would only be barred at the expiration of four years from the date of its assumption. It seems clear to us that these cases do not support appellant's contention that appellees' suit was barred.

The following statement of the material facts upon the issue of limitation which we take from appellees' brief is fully sustained by the record. The vendor's lien notes sued upon, and which appellant agreed to pay, are all dated September 25, 1926, and the respective maturity dates were as follows: No. 1, September 25, 1930; No. 2, September 25, 1931; No. 3, September 25, 1932; No. 4, September 25, 1933; No. 5, September 25, 1934; No. 6, September 25, 1936. This suit was instituted on May 12, 1933. The deed of trust securing the payment of the notes was foreclosed by a trustee's sale on December 6, 1932. This foreclosure was for nonpayment of notes 1, 2, and 3, and default in the payment of semiannual interest on all the notes, and state and county, and also City of Houston taxes on the land for the years 1929, 1930, and 1931. This sale was also for the entire indebtedness due on the land, the due dates of the remaining notes having been accelerated in accordance with the option given the holder, contained in the notes.

From these facts it is conclusively shown that May 12, 1933, the date on which appellees' suit was filed, was less than four years after the original maturity of the notes, and less than four years after the accelerated maturity of all of the notes.

The cases of Smith v. Nesbitt, and Hill v. Hoeldtke, supra, are, we think, conclusive against appellant's contention on the question of limitation, as well as on the question of indemnity first discussed.

There is, in our opinion, no merit in any of appellant's propositions. It follows that the judgment should be affirmed, and it has been so ordered.

Affirmed.