The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72702
Dear Senator Malone:
This official Attorney General opinion is issued in response to your recent question regarding dual office-holding. You have asked:
 May the recorder/treasurer also serve as public works director in a city of the second class where the public works director reports directly to the mayor?
It is my opinion that the recorder/treasurer may not also serve as public works director in a city of the second class where the public works director reports directly to the mayor. As explained more fully below, my conclusion is based upon the fact that the recorder/treasurer can be required in certain instances to serve as mayor, and the positions of mayor and public works director are "incompatible," as that term has been defined by the Arkansas Supreme Court.
Dual office-holding can be prohibited in three ways: (1) By a specific constitutional provision; (2) By a specific statutory provision; or (3) By the common law doctrine of "incompatibility." Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966). Although I find no constitutional or statutory provisions that would prohibit dual service as recorder/treasurer and as public works director, I find that such dual service is prohibited by the doctrine of incompatibility.
Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible." The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests." Byrd v. State, 240 Ark. 743, 745, 402 S.W.2d 121 (1966). A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend,72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappanv. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458
(1937).
The incompatibility problem in the situation that you have described lies not so much in an incompatibility between the positions of recorder/treasurer and public works director, but rather, in an incompatibility between the positions of public works director and mayor. More specifically, the problem arises out of the fact that under the provisions of A.C.A. § 14-42-111, the person who holds the position of recorder/treasurer in a city of the second class can serve as the city's mayor in certain instances. Because the public works director reports directly to, and is under the direct supervision of the mayor, a person holding both the position of public works director and the position of recorder/treasurer could potentially be placed in the position of reporting to and supervising himself.[1]
Such a situation would clearly constitute a conflict of interests as described by the Arkansas Supreme Court.[2] The person in question could be placed in the position of holding one office that would be subordinate and subject to the supervisory authority of his other office.
For this reason, I must conclude that dual service as public works director and as recorder/treasurer is prohibited by the doctrine of incompatibility.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Indeed, under the provisions of A.C.A. § 14-42-110, mayors generally have the authority to appoint and remove municipal department heads. Thus, a person serving in both positions could be placed in the position of having appointment and removal power over himself. (Nevertheless, it should be noted that the provisions of A.C.A. §14-42-110 do not necessarily require a conclusion of incompatibility between the position of mayor and the various department head positions, because the mayor's authority to appoint and remove department heads can be delegated to a commission or other body. Id.)
[2] I have previously opined that a mayor can serve as director of a city's water system, if that duty has been prescribed, delineated, and assigned to the mayor by the city council. See Op. Att'y Gen. No.96-300. I reach a different conclusion in response to your question, because your question appears to be based upon a scenario in which the duties of the director of public works have not been assigned to the mayor by the city council. Rather, they are carried out by a person other than the mayor.