The Honorable Tim Wooldridge State Representative 100 College Drive Paragould, AR 72450
Dear Representative Wooldridge:
This is in response to your request for an opinion regarding the candidacy of a member of the Greene County Equalization Board for the position of Greene County Tax Assessor in the November election. You note that this individual is serving an unexpired term on the Equalization Board, having been appointed by the County Judge; and that as a candidate for Tax Assessor, he would be serving on the Equalization Board during the month of August to hear the public's complaints on taxes. Your specific question in this regard is as follows:
 The Greene County Board of Equalization would like to know if his serving on the Equalization Board while seeking the Greene County Tax Assessor's position would be a conflict of interest.
It is my opinion that the answer to this question is "no." While it seems clear that the simultaneous holding of these two positions would be unlawful under the common law doctrine of "incompatibility" (see generally State ex rel. Murphy v. Townsend, 72 Ark. 180 (1904), Tappanv. Helena Federal Savings Loan Ass'n, 193 Ark. 1023, 103 S.W.2d 458
(1937), and A.C.A. §§ 26-27-301 et seq. (regarding powers and duties of county equalization boards and role of the county tax assessor)), my research has disclosed no authority for prohibiting a County Equalization Board member from seeking the position of County Tax Assessor. As stated by the United States Court of Appeals for the Eighth Circuit, the power of a state to restrict the right of candidates to run for office is "severely circumscribed by the Constitution." MacBride v. Exon,558 F.2d 443, 448 (8th Cir. 1997). The Arkansas Supreme Court has held that the right to be a candidate for public office is a fundamental one which should not be curtailed without good cause. Fisher v. Taylor,210 Ark. 380, 196 S.W.2d 217 (1946). The court in Fisher stated:
 The right to become a candidate for public office is, under our form of government, a fundamental right, which should not be in any manner curtailed without good cause; and any law or party rule, by which this inherent right of the citizen is diminished or impaired ought always to receive a liberal construction in favor of the citizen desiring to exercise the right.
210 Ark. At 387.
See also 29 C.J.S. Elections § 130 (1965) (stating that the right to become a candidate for election to public office "should not be prohibited or curtailed except by the plainest provisions of law. . . .")
I have found no plain provision of law prohibiting the candidacy of a County Equalization Board member for County Tax Assessor.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh