The Honorable Doug C. Kidd State Representative P.O. Box 137 Benton, Arkansas 72018-0137
Dear Representative Kidd:
You have requested an official Attorney General opinion on the following question:
 Is it a conflict of interest for an acting city attorney to serve as chairman of the city's zoning commission?
It is my opinion that this situation does not carry an inherent conflict of interest, but that conflicts of interest resulting from the situation could arise in particular instances.
The Arkansas Supreme Court has indicated that there are three possible types of legal prohibitions to the concurrent holding of two positions: Constitutional prohibitions, statutory prohibitions, and common law prohibitions. Byrd v. State, 40 Ark. 743, 402 S.W.2d 121 (1966).
I have found neither a constitutional nor a statutory prohibition[1] to concurrent service as city attorney and chairman of the city's zoning commission.
A determination of whether common law prohibits the concurrent holding of two positions requires a consideration of the specific nature of the two positions in question. Having conducted such an analysis, I have concluded that common law does not prohibit the concurrent holding of the positions of city attorney and chairman of the zoning commission.
The common law prohibition against the concurrent holding of two positions is the doctrine of incompatibility. Under this doctrine, it is impermissible for any person to hold two positions that are "incompatible." The Arkansas Supreme Court has stated that two positions are "incompatible" if "there is a conflict of interests" between the two positions. Byrd, 240 Ark. at 745. A conflict of interests exists in situations (among others) "where one office is subordinate to the other."Id. The court has also described the incompatibility of two positions as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," Stateex rel Murphy v. Townsend, 72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn.,193 Ark. 1023, 103 S.W.2d 458 (1937).
It is clear from a review of the statutes governing both city attorneys in the various classes of cities and zoning commissions that the functions of the two do not conflict and that neither has supervisory or removal power over the other. Moreover, the discharge of the duties of each of these two positions does not, as a general matter, conflict with the discharge of the duties of the other. See A.C.A. §§ 14-42-112;14-43-313; 14-43-314; 14-43-407; 14-43-410 (municipal attorneys); A.C.A. § 14-56-401 et seq. (zoning and planning).
For these reasons, I conclude that the positions of city attorney and chairman of the zoning commission are not generally incompatible, and that the law therefore does not prohibit the holding of both positions by one person.
Nevertheless, conflicts of interest between the two positions could arise in particular instances. If the city and the zoning commission should become adverse parties in a lawsuit or in a situation where the city would need the representation of counsel, a conflict of interest would exist for the city attorney, because he would have a duty to represent the city, whose interest would be adverse to that of the commission of which he is the chairman.[2] See Op. Att'y Gen. No. 94-102. In such a situation, the individual should recuse from involvement in either role.See Op. Att'y Gen. No. 95-416. In the event of a case-specific conflict of this nature, the city attorney should, as always, be cognizant of the various provisions of the Model Rules of Professional Conduct for attorneys, concerning conflicts of interest. The specific applicability of any of these rules to a given situation will depend, of course, upon the particular facts of that situation.
To summarize, then, it is my opinion that a situation in which the city attorney serves as chairman of the city's zoning board does not carry an inherent conflict of interest, and that the situation, generally, is legally permissible. It is my opinion further, however, that the situation could give rise to case-specific conflicts of interest.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It should be noted that although there are statutory prohibition to the situation you have described, the provisions of A.C.A. § 14-56-404(a) require that two-thirds of the membership of the planning commission cannot hold any other municipal office or appointment. Therefore, reference must be made to the make-up of the membership in order to determine whether the acting city attorney's service on the commission would violate this restriction.
[2] It should be noted that the same problem could arise even in a situation where the city attorney did not serve on the zoning commission, because the city attorney could be charged by ordinance with the responsibility of representing both the city and the city's zoning board.