The Honorable Buddy Blair State Representative 500 North 18th Street Fort Smith, AR 72901-3306
Dear Representative Blair:
You have requested my opinion concerning dual office-holding. Your question is:
 May a Fort Smith City Director be appointed to the position of Fort Smith Airport Manager?
You state that the Fort Smith Airport Commission is a city entity whose members are appointed by the Fort Smith City Directors.[1] It is my understanding that the Fort Smith Airport Commission, in turn, employs the person who holds the position of "Manager" and that the Manager's salary is paid from city funds. I take it that the Commission was created under the authority of A.C.A. § 14-359-101, the "Airport Commission Act," which authorizes cities to create airport commissions. I note as a general matter that the City of Fort Smith operates under the city administrator form of government.
RESPONSE
It is my opinion that a currently-serving Fort Smith City Director cannot be employed in the position of Fort Smith Airport Manager.
Your question requires the application of the legal principles that have developed in relation to the issue of dual office-holding. The Arkansas Supreme Court has held that there are three possible types of legal prohibitions to the concurrent holding of two offices: Constitutional prohibitions, statutory prohibitions, and common law prohibitions (i.e.,
the common law "doctrine of incompatibility"). Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966). In my opinion, the appointment of a serving City Director to the position of Airport Manager would violate several statutory prohibitions as well as the common law prohibition.
City directors in all cities are subject to the requirements of A.C.A. §14-42-107, which states:
 (a)(1) No alderman, member of any council, or an elected official of a municipal corporation, during the term for which he or she has been elected or one (1) year thereafter, shall be appointed to any municipal office that was created or the emoluments of which have been increased during the time for which he or she has been elected.
 (2) No alderman or council member shall be appointed to any municipal office, except in cases provided for in § 14-36-101 et seq. through § 14-61-101 et seq., during the time for which he or she may have been elected.
 (b)(1) No alderman, council member, official, or municipal employee shall be interested, directly or indirectly, in the profits of any contract for furnishing supplies, equipment, or services to the municipality unless the governing body of the city has enacted an ordinance specifically permitting aldermen, council members, officials, or municipal employees to conduct business with the city and prescribing the extent of this authority.
 (2) The prohibition prescribed in this subsection shall not apply to contracts for furnishing supplies, equipment, or services to be performed for a municipality by a corporation in which no alderman, council member, official, or municipal employee holds any executive or managerial office or by a corporation in which a controlling interest is held by stockholders who are not aldermen or council members.
A.C.A. § 14-42-107.
Although it is not entirely clear whether subsection (a), above, would be applicable to the position of Airport Manager (because we have not been presented with enough factual information to determine whether the position can be deemed to constitute a "municipal office"), it is nevertheless quite clear that subsection (b)(1) is applicable to the position. This conclusion is based on a holding of the Arkansas Supreme Court. Before discussing that case, I will note two other statutory provisions that operate to prohibit such an arrangement. The first is a statute with language almost identical to that of subsection (b)(1), above, that is specifically applicable to city directors in cities that operate under the city administrator form of government. That statute states in pertinent part:
 (a)(1) No member of the board of directors nor any officer or employee appointed in any city shall have an interest in any contract or job for work or materials, or the profits thereof, or service to be furnished or performed for the city.
* * *
 (b) Any person violating the provisions of this section shall be guilty of a misdemeanor and shall be fined in a sum not less than two hundred fifty dollars ($250) nor more than five thousand dollars ($5,000), and every such contract or agreement shall be void.
A.C.A. § 14-48-128(a)(1) and (b).
Second, A.C.A. § 14-48-110(a)(3), which also governs cities operating under the city administrator form of government, states:
 (3) Except where expressly permitted under this chapter, the mayor or board member may not serve the city in any other capacity.
A.C.A. § 14-48-110(a)(3).
The Arkansas Supreme Court had occasion to interpret A.C.A. §14-42-107(b)(1), quoted previously, in Thompson v. Roberts,333 Ark. 544, 970 S.W.2d 239 (1998). That case involved a person who performed the duties of bookkeeper for a city in exchange for a monthly salary. The person later became mayor, but continued to perform the bookkeeper's duties and receive the bookkeeper's salary. The Arkansas Supreme Court held that the arrangement violated A.C.A. § 14-42-107(b)(1), quoted above. The court said:
 [U]nder the plain language of the statute, a position as a city's bookkeeper may be seen as a contract for services. Such an interest is prohibited by section 14-42-107(b)(1) absent an authorizing ordinance.
Id. at 550.
The same conclusion must be drawn with regard to a City Director's holding the position of Airport Manager. This position is a contract for services. A City Director's interest in that contract is prohibited by the plain language of A.C.A. § 14-42-107(b)(1), as well as by the plain language of A.C.A. § 14-48-128(a)(1).
In my opinion, the appointment of a serving City Director to the position of Airport Manager would also violate the common law doctrine of incompatibility. Under this doctrine, it is impermissible for any person to hold two positions that are "incompatible." The Arkansas Supreme Court has stated that two positions are "incompatible" if "there is a conflict of interests." Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). Byrd,240 Ark. at 745. A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v.Townsend, 72 Ark. 180 (1904), and as situations in which "one [position] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn.,193 Ark. 1023, 103 S.W.2d 458 (1937).
The Thompson court found that dual service as bookkeeper and mayor violated the doctrine of incompatibility. The court explained:
 While the trial court found that appellants had proved no wrongdoing except "performing two jobs," it is that very inconsistency which is the basis of the incompatibility doctrine. One commentator has explained, "Incompatibility arises, therefore, from the nature of the duties of the offices, when there is an inconsistency in the functions of the two, where the functions of the two are inherently inconsistent or repugnant, as where the antagonism would result in the attempt by one person to discharge the duties of both offices, or where the nature and duties of the two offices are such as to render it improper from considerations of public policy for one person to retain both." Eugene McQuillin, 3 The Law of Municipal Corporations § 12.67 (3d ed. 1990).
Thompson, supra, at 549.
This reasoning leads to the conclusion that dual service as City Director and Airport Manager violates the doctrine of incompatibility. The position of City Director exercises considerable power over the position of Airport Manager by virtue of the authority of the city council to confirm the appointment of the Airport Commissioners, who, in turn, employ the Manager. The Airport Manager is thus significantly subordinate to the City Directors. The relationship between the two positions is such that the objective performance of either duty could be significantly hindered by the performance of both.
For these reasons, I conclude that a serving City Director cannot be employed in the position of Airport Manager.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] The city's website indicates that the mayor actually appoints the Commission members, who must then be confirmed by the city directors. This method is consistent with the requirements of the Airport Commission Act. See A.C.A. § 14-359-105(a).