The Honorable Russell Bennett State Representative 95 Lafayette 44 Lewisville, AR 71845-8840
Dear Representative Bennett:
You have presented the following questions for my opinion:
 (1) Is it legal to charge sales tax on the service of pick-up and disposal of solid waste for the citizens of Columbia County which is funded by a one cent (.01) sales tax?
 (2) If so, would the contract for the pick-up and disposal of solid waste which has a fixed price per month for the term of the contract with no provision for any increase be exempt under the Regulation 2004-1 from Act 107 of the 2nd Extraordinary Session of 2003 until the contract is renewed?
 (3) Should a justice of the peace be allowed to serve on the board of a rural development authority which is partially funded by the county general fund?
RESPONSE
Question 1 — Is it legal to charge sales tax on the service of pick-upand disposal of solid waste for the citizens of Columbia County which isfunded by a one cent (.01) sales tax?
Question 2 — If so, would the contract for the pick-up and disposal ofsolid waste which has a fixed price per month for the term of thecontract with no provision for any increase be exempt under theRegulation 2004-1 from Act 107 of the 2nd Extraordinary Session of 2003until the contract is renewed?
I must decline to answer both Question 1 and Question 2. The Department of Finance and Administration, Revenue Division, is the appropriate authority to issue letter opinions concerning the application of state sales tax law to particular entities. See Gross Receipts Tax Regulation GR-75 (authorizing the Revenue Division to issue letter opinions on the applicability of the gross receipts tax to particular transactions) and GR-76 ("No opinion, whether formal or informal, issued by any other agency can be binding on the Department of Finance and Administration, Revenue Division."). I therefore suggest that you submit these questions to that agency. In addition, appropriate counsel for the county should review the terms of the solid waste contract to analyze the impact, under those terms, of any increases that are determined to be applicable.
I have attached for your review a copy of Opinion No. 2004-123, in which I analyzed in general terms some of the legal issues associated with the application of Act 107.
Question 3 — Should a justice of the peace be allowed to serve on theboard of a rural development authority which is partially funded by thecounty general fund?
It is my opinion that a justice of the peace is prohibited under the common law doctrine of incompatibility from serving on the board of a rural development authority.
The Arkansas Supreme Court has identified three types of legal prohibitions to the concurrent holding of two public positions: Constitutional prohibitions, statutory prohibitions, and common law prohibitions (i.e., the common law "doctrine of incompatibility"). Byrdv. State, 240 Ark. 743, 402 S.W.2d 121 (1966).
I have identified no constitutional or statutory prohibitions to concurrent service as justice of the peace and board member for a rural development authority.[1] However, it is my opinion that the common law doctrine of incompatibility prohibits concurrent service in these two positions.
Under this doctrine, it is impermissible for any person to hold two public positions that are "incompatible." See Thompson v. Roberts,333 Ark. 544, 970 S.W.2d 239 (1998). The Arkansas Supreme Court has stated that two positions are "incompatible" if "there is a conflict of interests." Byrd v. State, supra. A conflict of interests exists in situations (among others) "where one office is subordinate to the other."Id. The Court has also described the incompatibility of two positions as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," Stateex rel Murphy v. Townsend, 72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn.,193 Ark. 1023, 103 S.W.2d 458 (1937). Accord, Thompson v. Roberts,333 Ark. 544, 970 S.W.2d 239 (1998). In my opinion, the positions of justice of the peace and board member for a rural development authority are incompatible.
Rural development authorities are created pursuant to A.C.A. § 14-188-101et seq. Although originally board members were appointed by the county court, after the passage of Amendment 55 to the Arkansas Constitution, which reorganized county government, board members are now appointed by the county judge, with the approval of the quorum court. For a discussion of this issue, see Op. Att'y Gen. No. 2001-291. In addition, rural development authorities can be "de-activated" by the quorum court. See
Op. Att'y Gen. No. 94-029. Moreover, as you state, the rural development authority is funded in part by county funds, over which the quorum court exercises considerable control. In short, a justice of the peace, in his role on the quorum court, has the opportunity to exercise substantial power over the board of the rural development authority and over the board's members. If an individual were serving on both the quorum court and the board of the rural development authority, the situation could give rise to a troubling division of the individual's allegiance between the duties of the two positions, thus placing him in situations that would force him to act in the interest of one position at the expense of the interest of the other. For this reason, I conclude that the dual service is prohibited by the common law doctrine of incompatibility.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
Enclosure
[1] It should be noted that the prohibition of A.C.A. § 14-14-1205(c), under which a justice of the peace cannot receive compensation from county funds for services performed in the county, does not apply to this situation, because the laws governing rural development authorities specifically provide that members of the boards of such commissions are not to receive compensation. See A.C.A. § 14-188-105(c)(4).