The Honorable Bobby L. Glover State Senator Post Office Box 1 Carlisle, AR 72024
Dear Senator Glover:
I am writing in response to your request for my opinion on two questions arising from the following reported facts:
 On November 2, 2004, the voters of the City of Cabot passed Ordinance No 37 of 2004 that creates the Cabot Public Utilities Commission. The members of the Commission are to be appointed by a majority vote of the Cabot City Council and the Commission will be responsible for the management and operation of the Cabot water and wastewater systems.
Against this backdrop, you have posed the following questions:
 1. Does section 14 of Ordinance No. 37 that authorizes the Cabot Public Utilities Commission to hire a "manager" of the Cabot water and wastewater systems conflict with A.C.A. § 14-42-110 that states the Mayor "shall have the power to appoint and remove all department heads . . . unless the city or town council shall, by a two-thirds majority of the total membership of the council, vote to override the mayor's action?"
 2. Are aldermen presently serving on the City Council eligible for appointment to the new Utilities Commission? If not, when will currently serving aldermen become eligible?
RESPONSE
In my opinion, the answer to your first question is "no." With respect to your second question, I believe Cabot aldermen cannot serve on the Utilities Commission so long as they retain their positions on the city council. Moreover, with respect to those aldermen serving on the Cabot City Council on the date of the Utility Commission's creation, A.C.A. § 14-27-107(a)(1) would preclude them from being appointed to the Utility Commission for a one-year period following their terms as aldermen.
Question 1: Does section 14 of Ordinance No. 37 that authorizes the CabotPublic Utilities Commission to hire a "manager" of the Cabot water andwastewater systems conflict with A.C.A. § 14-42-110 that states the Mayor"shall have the power to appoint and remove all department heads . . .unless the city or town council shall, by a two-thirds majority of thetotal membership of the council, vote to override the mayor's action?"
In my opinion, Ordinance No. 37 (the "Ordinance"), which creates the Cabot Public Utilities Commission (the "Commission"),[1] does not conflict with A.C.A. § 14-42-110 (Repl. 1998). Section 14 of the Ordinance provides that the Commission "will have the authority to hire the manager of the Cabot water and wastewater works."
As you point out in your question, A.C.A. § 14-42-110 (Repl. 1998) affords the mayor the power to appoint all "department heads." If, then, the manager of a water and wastewater system might be characterized as a "department head," it would be contrary to state law for the Cabot City Council by ordinance to assign to the Commission a power that by statute resides in the mayor. It is well established that cities cannot take any action that is contrary to state law. See A.C.A. §§ 14-42-307; 14-42-502;14-43-601, -602; 14-54-101; 14-55-101.
The Arkansas Code defines the term "department head" in only one instance, in a subchapter dealing with civil service systems. This definition, which reads as follows, would appear to be generally applicable:
 A "department head" shall be defined as an employee in a supervisory capacity who is directly responsible to the elected governing body for the direction and execution of policies and services on city work projects and duties.
A.C.A. § 14-50-302(b) (Repl. 1998). Applying this definition in the present case, the manager of Cabot's proposed water and wastewater system would qualify as a "department head" only if he were answerable directly to the Cabot City Council. However, Section 8 of the Ordinance vests in the Commission full managerial and policymaking authority over the operation of the water and wastewater system — a power I interpret as including oversight of the manager's performance. Accordingly, I do not believe the manager could be characterized as a "department head" who could only be retained by the city council pursuant to A.C.A. §14-42-110.
Question 2: Are aldermen presently serving on the City Council eligiblefor appointment to the new Utilities Commission? If not, when willcurrently serving aldermen become eligible?
In my opinion, the answer to the first part of your question is "no." With respect to the second part of your question, I believe a currently serving alderman will be eligible to serve on the Commission only when he has no longer served as an alderman for a period of at least one year.
I believe the dual service described in your question would be precluded by what has been termed the common-law "doctrine of incompatibility." Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible" — i.e., offices in which "there is a conflict of interests," as "where one office is subordinate to the other," Byrd v. State, 240 Ark. 743, 745, 402 S.W.2d 121 (1966), where "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel. Murphy v.Townsend, 72 Ark. 180 (1904), or where "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to removethe incumbent of the other or to audit the accounts of the other," Tappanv. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458
(1937); accord, Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239
(1998). (Emphasis added.) In the present case, Section 2 of the Ordinance invests in the city council the authority to appoint the Commissioners and Section 7 invests in the city council the authority to remove Commissioners. Accordingly, I believe it would be impermissible for a single individual to serve both as an alderman and as a Commissioner.
I should further mention the possible application of A.C.A. §14-42-107(a)(1) (Supp. 2003), which provides:
 No alderman, member of any council, or an elected official of a municipal corporation, during the term for which he or she has been elected or one (1) year thereafter, shall be appointed to any municipal office that was created or the emoluments of which have been increased during the time for which he or she has been elected.
Without reference to the doctrine of incompatibility, this statute would preclude any member of the Cabot City Council serving as alderman on November 2, 2004 — the date on which the Commission was created — from being appointed to the Commission "during the term for which he or she has been elected or one (1) year thereafter." However, with respect to the particular facts you have recited, I will again opine that any appointment of a sitting Cabot alderman to the Commission would be precluded pursuant to the doctrine of incompatibility.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] With respect to a city's statutory authority to create such a commission, see my discussion in Ark. Op. Att'y Gen. No. 2004-330, issued simultaneously herewith.