The Honorable Eric Harris State Representative Post Office Box 796 Lowell, AR 72745
Dear Representative Harris:
I am writing in response to your request for an opinion on the following matter:
 #1) Can a person who holds a seat on the City Council of a city of the first class also serve on the City's Planning Commission?
 #2) Can a person who holds a seat on the City Council of a city of the first class also serve on the City's Airport Commission, which is organized under Ark. Code Ann. § 14-359-101, et al?
RESPONSE
In my opinion the answer to your first question is unclear under existing law and legislative clarification is warranted. With respect to Question 1, there is some authority to the effect that a position on a municipal planning commission is a municipal "office" and therefore a sitting city council member may be barred both by A.C.A. § 14-42-107(a)(2) and the common law doctrine of incompatibility from holding both positions at the same time. On the other hand, A.C.A. § 14-56-404(a) appears to contemplate that city council members may also serve on a planning commission as long as at least two thirds of the members of the planning commission do "not hold any other municipal office." This statute could be read as an exception to A.C.A. § 14-42-107(a) and also draws into question whether the holding of the two positions should be deemed incompatible under the common law doctrine of incompatibility. Because of this conflict in existing law I cannot with any confidence predict how a court might rule if a challenge were brought to a city council member's simultaneous service on a planning commission. It appears that legislative clarification is needed. With respect to Question 2, because there is no statute similar to A.C.A. § 14-56-404(a), which arguably authorizes dual service, it appears that a city council member likely could not also serve on an airport commission under A.C.A. §14-42-107(a)(2) and the common law doctrine of incompatibility.
Question 1: Can a person who holds a seat on the City Council of a cityof the first class also serve on the City's Planning Commission?
Your question raises questions of a conflict of interest. A conflict of interest may arise from constitutional, statutory, or common-law prohibitions. I have not found any constitutional prohibitions that are implicated in your question.
Arkansas Code Annotated § 14-42-107(a)(2) (Supp. 2003) states:
 (a)(2) No alderman or council member shall be appointed to any municipal office, except in cases provided for in § 4-36-101 et seq. [sic § 14-36-101 et seq.] through § 4-61-101 et seq. [sic § 14-61-101
et seq.], during the time for which he may have been elected.[1]
Thus, if a position on a planning commission is a municipal office then a sitting council member could not be appointed to the city planning commission unless the dual service is authorized in § 14-36-101 et seq. through 14-61-101 et seq.
In addition, ordinarily the common-law doctrine of incompatibility could bar simultaneous holding of both offices.
 Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible." See Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998). The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests." Byrd v. State, 240 Ark. 743, 745, 402 S.W.2d 121 (1966). A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend, 72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458 (1937). Accord, Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998).
Op. Att'y Gen. 2004-106.
Membership on a planning commission may well constitute a municipal office. See Op. Att'y Gen. 2002-328. The city council appoints the members of the planning commission and sets the commissioners' compensation. A.C.A. §§ 14-56-405 and -409 (Repl. 1998). The city planning commission submits its plans and proposed ordinances to the legislative body of the city, in this case the city council. A.C.A. § 14-56-422(3) (Repl. 1998). These plans and ordinances are then approved by the city council or returned to the city planning commission for further study and deliberation. A.C.A. § 14-56-422(4) (Repl. 1998).
On the other hand, with regard to the city planning commission, the Arkansas Code seems to contemplate some instances of dual-service. Arkansas Code Annotated § 14-56-404(a), which is found in the range of statutes referred to in A.C.A. § 14-42-107(a)(2), states:
 (a) The legislative body of the municipality may create a planning commission of not less than five (5) members, of whom at least two-thirds (2/3) shall not hold any other municipal office or appointment except membership in the board of adjustment or a joint planning agency.
A.C.A. § 14-56-404(a) (Repl. 1998). Under this statute up to one third (1/3) of the members of a city planning commission are allowed to hold another municipal office or appointment in addition to being a planning commissioner. The question therefore arises as to whether A.C.A. §14-56-404(a) is a "case" provided for in § 14-36-101 et seq. through14-61-101 et seq., as set out in A.C.A. § 14-42-107(a)(2) and additionally, whether A.C.A. § 14-56-404(a) would abrogate the common law doctrine of incompatibility.
Section 14-56-404(a) does not mention the office of alderman or city council member expressly. It merely provides that at least two-thirds of the members of the planning commission shall not hold "any other municipal office or appointment." Obviously, the negative implication is that up to one-third of the members may hold another "municipal office or appointment." Without judicial or legislative clarification of whether §14-56-404(a) provides an exception to the 14-42-107(a)(2) prohibition for city council members however, I am unable to opine definitively as to whether the Arkansas Code prohibits the dual service.
With regard to the common law prohibition, it is possible for the common-law doctrine of incompatibility to be abrogated by statute. Thus, the Arkansas General Assembly may abrogate the doctrine of incompatibility through legislation. Op. Att'y Gen. 2004-070. The open question is whether the language of A.C.A. § 14-56-404(a) is specific enough to supplant the common-law. See, e.g. Ops. Att'y Gen. 2004-070
(statute specifically lists a volunteer firefighter as eligible to serve on the city council); and 95-054 (statute expressly authorizing the position of municipal clerk to be filled by another municipal officer in certain circumstances). Because the interplay of 14-56-404(a) with both14-42-107(a)(2) and the incompatibility doctrine is unclear, it is not possible to predict how a court would rule. Legislative clarification of the law on this issue is called for.
Question 2: Can a person who holds a seat on the City Council of a cityof the first class also serve on the City's Airport Commission, which isorganized under Ark. Code Ann. § 14-359-101, et al?
A prohibition on dual-service may arise from constitutional, statutory or common-law prohibitions. I have not found any constitutional prohibitions that would impede a city council member from serving on a municipal airport commission.
As noted above, however, A.C.A. § 14-42-107(a)(2) prohibits a council member from being appointed to another municipal office during his or her elected term to the city council. An "office" is characterized by factors such as the tenure and compensation being set by law, the requirement of an oath, a bond, and the exercise of some portion of the State's sovereign power. See Op. Att'y Gen. 2003-138. In this situation, a municipal airport commissioner acts as an agent of the municipality and exercises the sovereign power of the municipality with respect to the airport, the tenure and compensation are set by the city council, and commissioners are required to swear an oath. See A.C.A. §§ 14-359-106, -107, -109, and -110 (1987). It appears likely that a court could rule that a municipal airport commissioner is a municipal officer. If an airport commission member is a city officer, a member of the city council could not be appointed to the municipal airport commission during his or her tenure on the city council under A.C.A. § 14-42-107, as discussed above.
Additionally, the doctrine of incompatibility would also come into play. The doctrine of incompatibility precludes dual-service when one office or position holds a significant supervisory position over another office or position. Op. Att'y Gen. 2004-106. The ability of the city council to remove airport commissioners, A.C.A. § 14-359-106 (1987), appears to evidence significant oversight by the city council. Furthermore, the compensation of the commissioners is determined by the city council. A.C.A. § 14-359-107 (1987). These two factors were sufficient for one of my predecessors to opine that the doctrine of incompatibility precluded a member of the city council from also serving as a city water commissioner. Op. Att'y Gen. 92-273. It thus appears likely that a court might well conclude that it would be incompatible for a city council member to also serve on a city airport commission.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] It is my understanding that the Arkansas Code Revision Commission changed the former language "by this subtitle" to the current language in order to detail the actual sections at issue and that a publication error was made omitting the number "1" before the "4" in each Code citation.