The Honorable Robert T. Rogers, II Prosecuting Attorney Nineteenth-East Judicial District 301 West Trimble Post Office Box 536 Berryville, AR 72616
Dear Mr. Rogers:
I am writing in response to your request for an opinion on the following:
 Is it legal for an elected board member of a suburban improvement district to simultaneously serve as an elected Justice of the Peace on the county Quorum Court?
RESPONSE
In my opinion, the positions of an elected member of the board of a suburban improvement district and an elected member of the quorum court representing the area including the suburban improvement district may be incompatible under the common law doctrine of incompatibilities because of the duty of the quorum court member representing the area including the suburban improvement district to oversee the removal or election of members of the board of the suburban improvement district under A.C.A. §§14-92-209 and -240 (Repl. 1998).
Your request for an opinion raises a dual-office holding question. The Arkansas Supreme Court has identified three types of legal prohibitions to the concurrent holding of two public offices: constitutional prohibitions, statutory prohibitions, and common law proscriptions on dual service. See, e.g. Byrd v. State, 240 Ark. 743, 744-45, 402 S.W.2d 121
(1966). There is no constitutional prohibition applicable to the situation you have described. Furthermore, I have not identified any applicable statutory prohibition to simultaneous service as an elected member of the quorum court and as an elected member of the board of a suburban improvement district.
With regard to a possible common law prohibition, I have described the common law doctrine of incompatibility as follows:
 As a general proposition, it is impermissible for any person to hold two offices that are "incompatible" — i.e., offices in which "there is a conflict of interests," as "where one office is subordinate to the other," Byrd v. State, 240 Ark. 743, 745, 402 S.W.2d 121 (1966), where "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel. Murphy v. Townsend, 72 Ark. 180 (1904), or where "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other," Tappan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458 (1937). Accord, Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998).
Op. Att'y Gen. 2004-011.
A suburban improvement district is a quasi-public corporation that is an agent of the state "to which certain powers and duties of a public nature have been delegated, but which can only exercise the corporate functions which the statute has expressly conferred on them." See Op. Att'y Gen.2004-055 (internal quotation omitted). The governing board of a suburban improvement district is vested with the authority to, among other powers, levy taxes, employ such individuals as necessary, and effectuate the purpose for which the improvement district is formed. See A.C.A. §§14-92-228(a)(1) (Repl. 1998); 14-92-216(a) (Repl. 1998); and 14-92-210(5) (Repl. 1998). The board is generally not answerable to the quorum court of the county in which it is located and vice-versa. See generally
A.C.A. §§ 14-92-101 through -603 (Repl. 1998 Supp. 2003); but cf. Op. Att'y Gen. 94-102 (opining that the positions of city council member and commissioner of a municipal sewer improvement district are incompatible because the city council retains the power to remove municipal sewer commissioners).
In my opinion, the offices may be incompatible because of A.C.A. §§14-92-204 and -240 (Repl. 1998). The procedure to create a suburban improvement district requires the senior member of the quorum court for the area that would include the suburban improvement district to chair the meeting where the initial members of the board of commissioners of the improvement district are elected. See A.C.A. § 14-92-204. Because the quorum court member who will oversee the elections must necessarily represent the area where the improvement district would be formed, the likelihood of the individual in question being in an incompatible position is high. Furthermore, this procedure is used if the members of the suburban improvement district choose new commissioners or replace existing commissioners under A.C.A. § 14-92-209 (Repl. 1998). In this situation, the individual you describe would be in a conflicted position because he or she may be required to chair a meeting to remove him or her from the suburban improvement district board.
I am bolstered in this conclusion by the statutory provisions governing a suburban improvement district with less than six thousand lots. A.C.A. §14-92-240 (Repl. 1998). Pursuant to Section 240, a suburban improvement district of less than six thousand lots may make a written request to the quorum court member who represents the area including the district to hold a public meeting for an election on whether to change the board of commissioners. A.C.A. § 14-92-240(b)(1). If such a district has availed itself of the alternate method of replacing commissioners, the position of commissioner of the board of the suburban improvement district would most likely be incompatible with being a member of the quorum court. Id.
In this situation, the individual you have described would be placed in a conflict of interest between the two positions he or she would hold. As a quorum court member representing the geographic territory including the suburban improvement district, the individual is question may be called on to oversee a meeting by members of the suburban improvement district to vote him or her out of office as a member of the board of the suburban improvement district.
I should note, however, that any question of a conflict of interest or dual office holding is a factually intensive inquiry that is best handled by the judiciary. See, e.g. Op. Att'y Gen. 2004-230. In my opinion, however, the two positions that you describe may be incompatible because of the requirement that a quorum court member chair meetings to remove and replace improvement district commissioners.
Assistant Attorney general Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh