The Honorable Gene Jeffress State Senator 1483 Ouachita 47 Louann, AR 71751-8761
Dear Senator Jeffress:
I am writing in response to your request for an opinion on the following:
 Can a city employee of a second class city hold two full-time positions as Department Heads (Chief of Police and Water Superintendent), and hold the title Safety Services Director? The salary for this employee comes from three separate funds (general, street, and water and sewer).
 RESPONSE
Because I am unable to evaluate the powers and duties of the "Water Superintendent" referenced in your request for an opinion, I am unable to offer a definitive opinion on this matter. The specific duties of the "water superintendent" as well as any restrictions in the ordinance creating or authorizing such a position must be evaluated in light of the totality of the circumstances surrounding such proposed dual service. I have, however, set forth the applicable legal standards to evaluate a dual service question below.
In your request for an opinion, you note that this question was presented to you by the Mayor of Hampton. Hampton is presently organized as a city of the second class with a mayor-council form of municipal government. Because this issue is *Page 2 
of specific interest to Hampton, I will address neither a city manager nor a city administrator form of government in this opinion.
Initially, I must note that the nature of the position of "Water Superintendent" is unclear. Because you refer to the position of "Water Superintendent" as a "department head" in your request for an opinion, I will assume for the purposes of this opinion that you referring to a municipal water department created by a municipality to oversee a city owned and operated waterworks pursuant to A.C.A. §§ 14-234-101 to-122; or §§ 14-234-201 to-218; and A.C.A. § 14-54-702 (Repl. 1998).[1] Seealso Op. Att'y Gen. 89-221 (noting that an unspecified "water department" for the City of Magazine could be the city's designation for the management of a waterworks owned and operated pursuant to A.C.A. §§ 14-234-203 and 14-54-702).
The specific question posed in your request for an opinion is a dual service question. Dual service may be prohibited by constitutional provisions, statutory enactment, or common law prohibitions. There are no statutory or constitutional prohibitions impacted in this instance.
One of my predecessors described the common law doctrine of incompatibility as follows:
 Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible." See Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998). The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests." Byrd v. State, 240 Ark. 743, 745, 402 S.W.2d 121 (1966). A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the *Page 3 
discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend, 72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458 (1937). Accord, Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998).
Op. Att'y Gen. 2004-106 at 2; see also Op. Att'y Gen. 2005-172.
The doctrine of incompatibility applies when a single individual attempts to hold two "offices" simultaneously. An "office" is characterized by factors such as the tenure and compensation being set by law, the requirement of an oath, a bond, and the exercise of some portion of the state's sovereign power. See Ops. Att'y Gen. 2003-138;and 94-389. One of my predecessors has opined that a municipal chief of police is an "officer" for the purposes of an incompatibility analysis. Op. Att'y Gen. 2005-172. Without further information regarding the nature, power, and duties of a "water superintendent," I am unable to determine whether such a position would be considered an "officer" for the purposes of an incompatibility analysis. It is, however, unclear whether the common-law doctrine of incompatibility requires that both positions in question be "offices" under current Arkansas Supreme Court jurisprudence. See, e.g., Thompson v. Roberts, 333 Ark. 544,970 S.W.2d 239 (1998).
As noted above, I have not been presented with a description of the duties and responsibilities of the existing "water superintendent" position you reference. As a consequence, I cannot state whether the duties of this position are incompatible with those of the police chief. It does not appear that one would be subordinate to the other for purposes of the applicable analysis. There are, however, practical considerations that may arise, such as whether a full-time police chief could also fulfill the full-time duties of the Water Superintendent for the purposes of an incompatibility analysis. Any local ordinances involving the position of "water superintendent" would need to be consulted to determine whether these two positions are incompatible. If a water department was created by ordinance or the position of "water superintendent" was defined by ordinance, the applicable language in the ordinances must be considered. An incompatibility analysis will *Page 4 
always be dependent on a factually specific determination evaluated on a case-by-case basis.
In conclusion, the dual employment described in your request is not, in and of itself, prohibited by law. However, depending on the facts of each particular situation, incompatibility may exist and, therefore, preclude dual employment. Without further information as to the nature and duties of the "water superintendent," I cannot provide a definitive opinion. Consultation with local counsel is recommended.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JMD/cyh
[1] A municipality could also choose to create, among other options, a Waterworks Commission pursuant to A.C.A. §§ 14-234-116 (Repl. 1998 
Supp. 2005), or a Public Utilities Board pursuant to A.C.A. §§ 14-201-301
through-330 (Repl. 1998 Supp. 2005) for the management of its water needs and resources. None of these statutes mentions the existence of a "Water Superintendent," though provisions for the funding and operation of a municipal-owned waterworks are included implying that the municipality may create a water department to manage its waterworks. Coupled with your characterization of the "Water Superintendent" as a "department head," it appears reasonable to assume that the "Water Superintendent" is merely a municipal creation to oversee a city run waterworks under A.C.A. §§ 14-234-101 to-122; or A.C.A. §§ 14-234-201
to-218 and A.C.A. § 14-54-702.