The Honorable Toni Bradford State Representative 8410 Wildcat Drive Pine Bluff, Arkansas 71603-9112
Dear Representative Bradford:
I am writing in response to your request for my opinion on the following question:
 Is there a conflict of interest for a city Parks and Recreation Commissioner to also serve as the city's elected treasurer?
As background for your request, you stated:
 The Parks commission receives funds from the City and oversees and maintains accounts for its own purposes.
RESPONSE
In my opinion, this situation does not present a conflict of interests that would generally prevent an individual from holding the offices of parks and recreation commissioner and treasurer simultaneously. Conflicts of interest that would prohibit dual office holding may arise under the constitution, statutes, or common law. I am not aware of any constitutional or statutory provision which would prevent the simultaneous holding of these offices under the present circumstances. *Page 2 
Moreover, it does not appear that holding both of these offices raises a conflict of interests under the common law doctrine of incompatibility.[1]
Conflicts of interest in the context of dual office-holding can be divided into three categories: constitutional conflicts, statutory conflicts, and common law conflicts under the doctrine of incompatibility. Op. Att'y Gen. 94-220. Starting with constitutional conflicts, the prohibitions on dual office holding found in the Arkansas Constitution at art. 19, § 6 and art. 4, § 2 are inapplicable because they apply only to state offices. See id. Moreover, I am not aware of any statute which would prohibit one person from holding the two offices in question simultaneously. Thus, the remainder of this opinion will examine whether the present situation creates a conflict under the common law doctrine of incompatibility.
Under the doctrine of incompatibility, "it is impermissible for any person to hold two offices that are incompatible — i.e., offices in which there is a conflict of interest, as where one office is subordinate to the other." Op. Att'y Gen. 2004-329 (internal quotes omitted), citing Byrd v. State, 240 Ark. 743, 745, 402 S.W.2d 121
(1966). The Arkansas Supreme Court explained the concept of incompatibility in the case of Tappan v. Helena Fed. Savings Loan, stating:
 The inconsistency, which at common law makes offices incompatible, *** lies rather in the conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other.
193 Ark. 1023, 103 S.W.2d 458, 459 (1937) (internal citation omitted).
 Incompatibility arises, therefore, from the nature of the duties of the offices, when there is an inconsistency in the functions of the two, where the functions of the two are inherently inconsistent or *Page 3 
repugnant, as where the antagonism would result in the attempt by one person to discharge the duties of both offices, or where the nature and duties of the two offices are such as to render it improper from considerations of public policy for one person to retain both.
Thomas v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998), citing Eugene McQuillin, 3 The Law of Municipal Corporations § 12.67 (3d ed. 1990).
Because a finding of incompatibility arises from the nature of the duties of the offices involved, it is necessary to examine the duties of a parks and recreation commissioner on one hand and the duties of a city treasurer on the other to determine whether the two are "inherently inconsistent or repugnant."
City parks and recreation commissioners are appointed by the mayor and confirmed by a majority vote of the city council. A.C.A. § 14-269-302(b). The commissioners have complete control of all municipal parks and recreation facilities. A.C.A. § 14-269-302(f). Once appointed, a commissioner may only be removed for cause upon a 2/3 vote of the city council. A.C.A. § 14-269-302(g).
When it comes to financial matters, the commissioners are entitled to act with a good deal of autonomy. They have the ability to use all revenue derived from the parks and recreation program for the benefit of the same. A.C.A. § 14-269-305(a). Subsection 14-269-305(b) expressly provides that such funds must be segregated into a "park fund", which is to be used exclusively for the operation of the parks and recreation program, is not to be co-mingled with other city funds, and is to be "handled exclusively by the commissioners." The commissioners are, however, required to certify quarterly reports to the mayor and city council and must furnish other information as requested. A.C.A. § 14-269-306(a)(1)-(2). Moreover, they are required to "submit an annual audit of the operations of the parks and recreation program to the mayor and city council. A.C.A. § 14-269-306(a)(3).[2] After receiving the quarterly report or at any other time, the city council may appropriate additional city funds to the parks and recreation program. A.C.A. § 14-269-306(b). *Page 4 
Turning next to the duties of a city treasurer, Arkansas law provides that the treasurer of a first-class city has the duty to make reports on the financial condition of the city and to perform other duties required by the city's ordinances.[3] See A.C.A. § 14-43-506-507. A.C.A. § 14-59-115 sets forth additional duties for municipal treasurers in general, and states, in relevant part:
 (a) Each municipal treasurer of this state or the designated representative that has been approved by the governing body shall submit monthly a copy of the bank reconciliations to the city council or board of directors.
 (b)(1) Municipal treasurers shall maintain the accounting records prescribed in this chapter.
In my opinion, based on the forgoing provisions, there is no real inconsistency between the duties of a city parks and recreation commissioner and those of a city treasurer. The commissioners are appointed by the mayor with the approval of the city council, are removable by the city council, answer to the mayor and city council for their use of the park fund, and can receive additional appropriations of funds only from the city council. Simply put, the city treasurer has no authority over the parks and recreation program, and it cannot fairly be said that one office is subordinate to the other.
While it is true that the treasurer has the duty of maintaining the city's financial records, Arkansas law specifically provides that funds related to the parks and recreation commission are to be kept separate from all other city funds.[4] See A.C.A. § 14-269-305(b). Moreover, parks and recreation funds may not be handled by anyone other than a parks and recreation commissioner. Id. *Page 5 
Therefore, because the duties of the two offices do not appear to be inconsistent and because neither office is subordinate to the other, it is my opinion that the doctrine of incompatibility does not apply in this instance and that an individual may properly hold the offices of parks and recreation commissioner and city treasurer concurrently.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] It should, however, be noted that the ultimate determination of whether a conflict of interests exists under the incompatibility doctrine is essentially a question of fact to be resolved by a court. This seems particularly true when the two offices involved are local offices whose duties can be affected by local ordinance. Therefore, although I find no general prohibition against simultaneously holding the office of parks and recreation commissioner and city treasurer, the facts adduced in certain circumstances might suggest a prohibition. This does not appear to be a problem in the City of Pine Bluff, which has not materially altered the duties of those positions, as set forth by the relevant statutes.
[2] There is no indication in state law that the city treasurer would have any role in reviewing such an audit, as the statute expressly provides that it is to be submitted to the mayor and city council. To the extent that a city treasurer might, as a practical matter, assist in the review of an audit of a parks and recreation program, a treasurer who also serves as a parks and recreation commissioner should recuse from this role.
[3] The Pine Bluff Code of Ordinances does not set additional duties for the treasurer, but instead references state law. See PINE BLUFF, AR., CODE OF ORDINANCES ch. 2, art. III, div. 2.
[4] One of the accounting records which must be maintained by the treasurer is a "cash disbursements journal." See A.C.A § 14-59-111. A previous version of the statute regarding cash disbursements journals specifically stated that where a municipality maintains a parks department, the city should make a column in the cash disbursements journal to reflect this department's expenditures. See
Acts 1973, No. 159, § 11. However, this language was removed from the latest version of the statute, enacted in 2001. Thus, it is not clear that the treasurer is still responsible for tracking expenditures by the parks and recreation program. Moreover, even assuming that the treasurer is still responsible for tracking such expenditures, it appears that this is merely a bookkeeping function and that the treasurer would have no authority over the expenditures. This conclusion is strengthened by the fact that all authority over expenditures from the park fund is vested exclusively in the parks and recreation commissioners by statute.See A.C.A. § 14-269-305. Accordingly, there is no apparent inconsistency in the duties of the two offices in this regard. *Page 1